UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER,<br><br>    Plaintiff,<br><br>v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>    Defendants. | 1:18-cv-01574- DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED (ECF No. 9.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I. BACKGROUND**

Anthony Turner ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights case pursuant to 28 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 12, 2018 at the United States District Court for the Northern District of California. (ECF No. 1.) On November 13, 2018, Plaintiff's case was transferred to this court. (ECF No. 7.)

On November 19, 2018, Plaintiff filed a document titled "Notice and Request for Order, which the court construes as a motion for preliminary injunctive relief. (ECF No. 9.)

**II. PRELIMINARY INJUNCTIVE RELIEF**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

1

balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

**Analysis**

Plaintiff seeks an order compelling prison officials at Corcoran State Prison, where he is currently incarcerated, to provide him with access to the law library, legal copies, research materials, envelopes, updated forms, and an education program. The court lacks jurisdiction to issue such an order because the order would not remedy any of the claims upon which this case proceeds. This case was filed against defendants employed at Kern Valley State Prison in Delano, California, when Plaintiff was incarcerated there, based on events occurring before Plaintiff filed this case on October 12, 2018. Plaintiff now requests a court order compelling officers at Corcoran State Prison in Corcoran, California, to act. Because such an order would not remedy any of the claims in this case, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion should be denied. In addition, because prison officials at Corcoran State Prison are not a part of this action, the Court lacks jurisdiction over them.

**III. CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on November 19, 2018, be DENIED for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 29, 2018**  /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE