# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER,<br><br>   Plaintiff,<br><br> v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>   Defendants. | 1:18-cv-01574- DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED (ECF No. 18.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I. BACKGROUND**

Anthony Turner ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights case pursuant to 28 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 12, 2018 at the United States District Court for the Northern District of California. (ECF No. 1.) On November 13, 2018, Plaintiff's case was transferred to this court. (ECF No. 7.)

On February 21, 2019, Plaintiff filed a motion[1] which the court construes as a motion for preliminary injunctive relief. (ECF No. 18.)

**II. PRELIMINARY INJUNCTIVE RELIEF**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

---

[1] Plaintiff titles the motion as "motion to hold Wardens W. L. Muniz et al. and Warden Ken Clark of Corcoran Prison and Salinas Valley Prison in retaliation contempt obstruction of this federal court civil trial proceeding in violation of my federal protected rights."

1

balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

**Analysis**

Plaintiff seeks injunctions against prison officials at Corcoran State Prison, Salinas Valley State Prison, and Kern Valley State Prison who allegedly retaliated against Plaintiff, tampered with his mail, poisoned his food, refused him medical care, discriminated against him, violated his rights to free speech, sexually harassed him, illegally transferred him, withheld his personal and legal property, placed him in an unsanitary cell, forced him into a cage with enemy gang members, violated statutory laws, illegally imprisoned him for exercise of protected conduct, obstructed his access to court, forged his name, and violated his rights to due process.

Plaintiff seeks orders detaining prison officials for crimes, holding them in contempt, ordering the return of his property, issuing a writ of mandamus, appointing a Master, and issuing a statewide injunction to restrain non-parties.

Plaintiff is currently incarcerated at Salinas Valley State Prison in Soledad, California, and his Complaint arose from events allegedly occurring at Kern Valley State Prison in Delano, California. Therefore, Plaintiff's motion against officials at Corcoran State Prison and Kern Valley State Prison should be denied as moot because Plaintiff is no longer in custody there.[2] Where the prisoner is challenging conditions of confinement and is seeking injunctive relief, transfer to another prison renders the request for injunctive relief moot absent some evidence of

---

[2] On November 19, 2018, Plaintiff notified the court that he had been transferred from Kern Valley State Prison to Corcoran State Prison. (ECF No. 9.) On February 21, 2019, Plaintiff filed a notice of change of address to at Salinas Valley State Prison in Soledad, California, where Plaintiff is presently incarcerated. (ECF No. 18.)

an expectation of being transferred back. See Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007). Here, there is no evidence that Plaintiff expects to be transferred back to Corcoran State Prison and Kern Valley State Prison.

The court lacks jurisdiction to issue the orders requested by Plaintiff as such orders would require persons who are not defendants in this action, and who are not before the court, to act or refrain from acting, on Plaintiff's behalf. In his motion, Plaintiff names prison officials who were not named in his Complaint. Moreover, none of the defendants named in the Complaint have appeared in this case. As discussed above, the court "may not attempt to determine the rights of persons not before the court." Zepeda, 753 F.2d at 727. Therefore, Plaintiff's motion should be denied.

Further, the orders Plaintiff seeks would not remedy any of the claims in this case. Plaintiff filed his Complaint on October 12, 2018, and the present motion concerns events that occurred after October 12, 2018. Plaintiff is not entitled to relief that would not address the claims in this lawsuit. Plaintiff requests court orders compelling prison officials to act or refrain from acting now and in the future. He also requests other relief that is not available in this § 1983 case, such as detaining prison officials for crimes and issuing a statewide injunction to restrain non-parties. Such orders would not remedy any of the claims in this case and therefore, the court lacks jurisdiction to issue the orders sought by Plaintiff.

Therefore, Plaintiff's motion for preliminary injunctive relief, filed on February 21, 2019, should be denied.

### III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on February 21, 2019, be DENIED for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 28, 2019**               /s/ Gary S. Austin
                                      UNITED STATES MAGISTRATE JUDGE