UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>　　　　　　Defendants. | 1:18-cv-01574- DAD-GSA-PC<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>**(ECF No. 25.)** |

**I.　BACKGROUND**

Anthony Turner ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights case pursuant to 28 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 12, 2018 at the United States District Court for the Northern District of California. (ECF No. 1.) On November 13, 2018, Plaintiff's case was transferred to this court. (ECF No. 7.)

On May 22, 2019, Plaintiff filed objections to some of the court's orders issued in this case, which the court construes as a motion for reconsideration of the court's orders. (ECF No. 25.)

**II.　MOTION FOR RECONSIDERATION**

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable

1

diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff objects to the court's findings and recommendations to deny his motion for preliminary injunctive relief (ECF No. 13), and the court's orders denying his requests for immediate initiation of service (ECF Nos. 12, 24). Plaintiff has not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the Court to reverse its prior decisions. Therefore, the motion for reconsideration shall be denied. Moreover, no further objections or motions for reconsideration concerning Plaintiff's requests for initiation of service shall be considered by the Court.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on May 22, 2019, is DENIED; and
2. No further objections or motions for reconsideration concerning Plaintiff's requests for initiation of service (ECF Nos. 12, 24) shall be considered by the Court.

IT IS SO ORDERED.

Dated: **June 10, 2019**         **/s/ Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE