# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER,<br><br>Plaintiff,<br><br>v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>Defendants. | 1:18-cv-01574-DAD-GSA-PC<br><br>**SCREENING ORDER**<br><br>**ORDER DISMISSING COMPLAINT FOR VIOLATION OF RULES 18 AND 20, AND FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND**<br>**(ECF. No. 1.)**<br><br>**THIRTY-DAY DEADLINE TO FILE AMENDED COMPLAINT NOT EXCEEDING 25 PAGES IN LENGTH** |

**I.     BACKGROUND**

Anthony Turner ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights case pursuant to 28 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 12, 2018 at the United States District Court for the Northern District of California. (ECF No. 1.) On November 13, 2018, Plaintiff's case was transferred to this court. (ECF No. 7.) The Complaint is now before the court for screening. 28 U.S.C. § 1915A.

**II.     SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. PLAINTIFF'S COMPLAINT -- RULES 18(a) AND 20

Plaintiff is currently incarcerated at Salinas Valley State Prison in Soledad, California. Most of the events at issue in the Complaint allegedly occurred at Kern Valley State Prison (KVSP) in Delano, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names 27 defendants, including the Governor of California; CDCR officials; the Warden and Chief Deputy Warden of KVSP; Correctional Officers, Lieutenants, Captains, Sergeants, Counselors, Doctors, and other employees of KVSP.

Plaintiff's Complaint is 33 pages long with 78 pages of exhibits, and difficult to decipher. Plaintiff generally alleges that prison guards conspired to retaliate against him by staging and

planning assaults on Plaintiff by other inmates. Plaintiff also alleges numerous other claims. For the following reasons, the court shall dismiss the Complaint with leave to amend.

Plaintiff alleges multiple claims in the Complaint that appear to be largely unrelated. Plaintiff may not proceed in one action on a myriad of unrelated claims against different defendants. Plaintiff's claims violate Federal Rules of Civil Procedure 18(a) and 20.

Under Rule 20, a plaintiff may join any person as a defendant if: (1) any right to relief asserted against the Defendant relates to or arises out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there is at least one question of law or fact common to all the defendants. Fed. R. Civ. P. 20(a)(2); Luis Buenrostro v. Fajardo, 770 F. App'x 807, 808 (9th Cir. 2019).

Once a defendant is properly joined under Rule 20, the plaintiff may join, as independent or alternative claims, as many claims as he has against that defendant, irrespective of whether those additional claims also satisfy Rule 20. See Fed. R. Civ. P. 18(a); Intercon Research Assoc., Ltd. v. Dresser Indus. Inc., 696 F.2d 53, 57 (7th Cir. 1982) ("[J]oinder of claims under Rule 18 becomes relevant only after the requirements of Rule 20 relating to joinder of parties has been met with respect to the party against whom the claim is sought to be asserted; the threshold question, then, is whether joinder of [a defendant] as a party was proper under Rule 20(a).").

As for Rule 18(a), "[t]he controlling principle appears [as follows]: 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

As Plaintiff's Complaint reads, it is not clear which potential defendants are properly joined. It is also unclear whether any potential claims are connected to each other. Thus, the Complaint shall be dismissed for violation of Rules 18(a) and 20 of the Federal Rules of Civil Procedure, with leave to file an amended complaint within 30 days.

### IV. FAILURE TO STATE A CLAIM

Plaintiff's Complaint also fails to state a claim against any of the individual defendants. In the Complaint, Plaintiff fails to allege facts showing that the individual defendants personally acted against him. Plaintiff refers to "Defendants" throughout the Complaint and alleges that "Defendants" conspired against him, retaliated against him, failed to protect him, failed to provide him with medical care, denied him meals, failed to train officers, set Plaintiff up for ambush, improperly took funds from his trust account, misclassified him, removed his single-cell status, adversely transferred him, discriminated against him, etc. Plaintiff cannot state a claim against any of the defendants unless he demonstrates in his allegations that each of them, identified by name, personally acted or failed to act, violating Plaintiff's rights. Plaintiff may not attribute liability to a group of defendants but must "set forth specific facts as to each individual defendant's" deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). To state a claim against a defendant, Plaintiff must name the defendant and allege facts showing what that individual defendant did or failed to do, violating his rights.

### IV. CONCLUSION AND ORDER

For the reasons set forth above, the court finds that Plaintiff's Complaint violates Rules 18(a) and 20 of the Federal Rules of Civil Procedure and fails to state a claim upon which relief may be granted under § 1983. Therefore, the Complaint shall be dismissed, with leave to amend. Plaintiff shall be granted thirty days in which to file a First Amended Complaint curing the deficiencies discussed above.

The First Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff

must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his own misconduct. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676-77.

The First Amended Complaint must comport with Rule 8(a)'s requirement for "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's lengthy narrative in the original Complaint does not clearly or succinctly allege facts against the named defendants. Twenty-five pages is more than sufficient for Plaintiff to identify his claims and set forth specific facts in support of those claims. Thus, Plaintiff's Complaint shall be dismissed with leave to file an amended complaint not exceeding twenty-five pages in length.

With respect to exhibits, while they are permissible, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the court, or (2) they are intended as future evidence. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence. Plaintiff is cautioned that it is not the duty of the court to look through all of his exhibits to determine whether or not he has claims cognizable under § 1983. Rather, the court looks to the factual allegations contained in Plaintiff's complaint to determine whether or not Plaintiff has stated a cognizable claim for relief under § 1983.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues. Plaintiff should also note that he has not been granted leave to add allegations of events occurring after the initiation of this suit on October 12, 2018.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220.  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Complaint, filed on August 14, 2018, is DISMISSED for violation of Rules 18(a) and 20 of the Federal Rules of Civil Procedure and for failure to state a claim under § 1983, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint not exceeding 25 pages;
4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:18-cv-01574-DAD-GSA-PC; and
5. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed.

IT IS SO ORDERED.

Dated:  **August 15, 2019**           **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE