# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>　　　　　Defendants. | 1:18-cv-01574-DAD-GSA-PC<br><br>**ORDER DENYING REQUEST FOR RECUSAL OF MAGISTRATE JUDGE**<br>**(ECF No. 31.)** |

**I.　BACKGROUND**

Anthony Turner ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights case pursuant to 28 U.S.C. § 1983. On September 9, 2019, Plaintiff filed a request for recusal of the Magistrate Judge assigned to this case. (ECF No. 31.)

**II.　RECUSAL OF MAGISTRATE JUDGE**

Federal law provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section (b) of that statute sets forth a number of additional grounds for disqualification, including where the judge "has a personal bias or prejudice concerning a party," "personal knowledge of disputed evidentiary facts concerning the proceeding," where "in private practice he served as lawyer in the matter in controversy," or "has been a material witness concerning it." Id. § 455(b).

A motion under § 455 is addressed to, and must be decided by, the very judge whose impartiality is being questioned." Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994). "Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge." Id. (quoting United States v. Balistrieri, 779 F.2d 1191, 1202 (7th Cir. 1985)). "[S]ection 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on the case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself." Sibla, 624 F.2d at 868 (citing see, e.g., Nicodemus v. Chrysler Corp., 596 F.2d 152, 157 & n.10 (6th Cir. 1979)).

Plaintiff asserts that the magistrate judge assigned to this case should be recused "due to the prejudice, abuse of discretion, . . ongoing retaliation and irreparable injuries and harm suffered by the Plaintiff without due process of law nor equal access to justice." (ECF No. 31 at 4 ¶ 2.)

Plaintiff's motion for recusal must be denied. The magistrate judge has the authority to rule on pretrial matters pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff has not supported his motion with any evidence that the Magistrate Judge has a personal bias against Plaintiff from an extra-judicial source. A judge's rulings while presiding over a case do not constitute extra-judicial conduct. In re Focus Media, Inc., 378 F.3d at 930. Plaintiff's disagreement with the court's rulings is not a legitimate ground for seeking disqualification.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for recusal, filed on September 9, 2019, is denied.

IT IS SO ORDERED.

Dated: **September 24, 2019**         **/s/ Gary S. Austin**
                                                                                   UNITED STATES MAGISTRATE JUDGE