# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER, | 1:18-cv-01574-DAD-GSA-PC |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S SCREENING ORDER AND VIOLATION OF RULES 18(a) AND 20 OF THE FEDERAL RULES OF CIVIL PROCEDURE (ECF No. 29.)** |
| v. | |
| EDMUND G. BROWN, JR., et al., | |
| Defendants. | |
| | **OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

## I. BACKGROUND

Anthony Turner ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights case pursuant to 28 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 12, 2018, at the United States District Court for the Northern District of California. (ECF No. 1.) On November 13, 2018, Plaintiff's case was transferred to this court. (ECF No. 7.)

1

On August 16, 2019, the court screened the Complaint under 28 U.S.C. § 1915A and dismissed it for violation of Rules 18(a) and 20 of the Federal Rules of Civil Procedure and failure to state a claim, with leave to amend. (ECF No. 29.) Plaintiff was granted thirty days in which to file a First Amended Complaint not exceeding 25 pages, curing the deficiencies identified by the court. (Id.)

On September 16, 2019, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (ECF No. 32.) 28 U.S.C. § 1915A.

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff is currently incarcerated at Salinas Valley State Prison in Soledad, California. The events at issue in the First Amended Complaint allegedly occurred at Kern Valley State Prison (KVSP) in Delano, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as defendants Gavin Newsom (Governor), Edmund G. Brown, Jr. (former Governor), Kathleen Allison (CDCR Director), C. Pfeiffer (Warden, KVSP), Captain J. Hansak, Scott Kernan (Undersecretary Director), Captain D. Stebbins, M. McMurtry (Guard), A. Geary (Counselor CCI), Sergeant Escutia, R. Sherill (Counselor CCII), R. Romero (Guard), L. Bradford (Guard), M. Bedolla (Guard), R. Magana (Guard), Dr. C. Relevante, Dr. W. Ulit, Lieutenant W. Hammer, Lieutenant C. Waddle, Sergeant S. Lone, Sergeant H. Arreola, J. Johnson (Guard), J. Leora (Guard), Captain Escivedo, E. Celedon (Guard), and Does #1-7 (collectively, "Defendants").

Similar to Plaintiff's original Complaint, the First Amended Complaint is difficult to decipher, generally alleges that prison guards conspired to retaliate against him by staging and planning assaults on Plaintiff by other inmates, and alleges numerous other claims such as false imprisonment, adverse transfer, confiscation of personal property, conspiracy, failure to protect, failure to intervene, racial discrimination, falsification of Rules Violation Reports, illegal use of gang informants to carry out assaults, due process violations (familial rights), failure to hire and train employees, inadequate medical care, excessive force, and RICO violations.

Also similar to the original Complaint, Plaintiff alleges claims against Defendants as a whole or groups of Defendants. Plaintiff was advised in the court's prior screening order that to state a claim he must allege facts showing how each individual defendant personally acted against him causing violations of his constitutional rights. Plaintiff has not done so. Plaintiff again refers to "Defendants" or groups of defendants, such as "named supervisory officials;" "individual named employee defendants;" "each named defendant officials and subordinate employees;" "defendants named #A-Y;" "each named defendant herein from July 19, 2018;" and "the Defendants named as C/O J. Leora, C/O J. Johnson, C/O Sandoval, C/O M. Bedolla, [and] Sgt. Escutia." (First ACP, ECF No. 32 at 3 ¶IA; 4 ¶IA, 8 ¶1, 8 ¶4, 9 ¶7, 22 ¶ 21.) Plaintiff may not

attribute liability to a group of defendants but must "set forth specific facts as to each individual defendant's" deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff has not complied with the court's order directing him to allege facts as to each individual defendant. Plaintiff's allegations in the First Amended Complaint against multiple defendants do not state a claim upon which relief can be granted under § 1983. As in the original Complaint, it is not clear in the First Amended Complaint which potential defendants are properly joined and whether any potential claims are connected to each other. Thus, Plaintiff's First Amended Complaint violates Rules 18(a) and 20 of the Federal Rules of Civil Procedure.[1]

The court advised Plaintiff in its prior screening order that:

> "Plaintiff cannot state a claim against any of the defendants unless he demonstrates in his allegations that each of them, identified by name, personally acted or failed to act, violating Plaintiff's rights. Plaintiff may not attribute liability to a group of defendants but must 'set forth specific facts as to each individual defendant's deprivation of his rights.' Leer v. Murphy, 844 F.2d 628,

---

[1] Under Rule 20, a plaintiff may join any person as a defendant if: (1) any right to relief asserted against the Defendant relates to or arises out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there is at least one question of law or fact common to all the defendants. Fed. R. Civ. P. 20(a)(2); Luis Buenrostro v. Fajardo, 770 F. App'x 807, 808 (9th Cir. 2019). Once a defendant is properly joined under Rule 20, the plaintiff may join, as independent or alternative claims, as many claims as he has against that defendant, irrespective of whether those additional claims also satisfy Rule 20. See Fed. R. Civ. P. 18(a); Intercon Research Assoc., Ltd. v. Dresser Indus. Inc., 696 F.2d 53, 57 (7th Cir. 1982) ("[J]oinder of claims under Rule 18 becomes relevant only after the requirements of Rule 20 relating to joinder of parties has been met with respect to the party against whom the claim is sought to be asserted; the threshold question, then, is whether joinder of [a defendant] as a party was proper under Rule 20(a).").

As for Rule 18(a), "[t]he controlling principle appears [as follows]: 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

> 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).
> To state a claim against a defendant, Plaintiff must <u>name</u> the defendant and allege <u>facts</u> showing what that <u>individual</u> defendant did or failed to do, violating his rights."

(ECF No. 29 at 4:12-19.) Plaintiff failed to comply with the court's prior screening order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since October 12, 2018. Plaintiff's failure to comply with the court's order may reflect Plaintiff's inability to comply. In such an instance, the court cannot continue to expend its scarce resources assisting a litigant who does not comply with the court's screening order because he is unable to do so. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file an amended complaint in compliance with the court's directives that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. Given that Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis*, the court finds monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not

available. The dismissal being considered in this case is with prejudice, which is the harshest possible sanction. However, the Court finds this sanction appropriate in light of the fact that Plaintiff has filed two complaints, the second one filed after receiving ample guidance by the court, both of which violate federal rules, and the second fails to comply with the court's screening order.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

**IV. CONCLUSION AND RECOMMENDATIONS.**

For the reasons set forth above, the court finds that Plaintiff failed to comply with the court's prior screening order, and the First Amended Complaint violates Rules 18(a) and 20 of the Federal Rules of Civil Procedure. Therefore, the court shall recommend that the First Amended Complaint be dismissed, with prejudice.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Here, the court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court, and Plaintiff has now filed two complaints in violation of Rules 18(a) and 20 of the Federal Rules of Civil Procedure. The court is persuaded that Plaintiff is unable to prepare and submit a complaint in compliance with federal rules. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013). The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case be DISMISSED, with prejudice, for Plaintiff's failure to comply with the court's screening order of August 16, 2019, and violation of Rules 18(a) and 20 of the Federal Rules of Civil Procedure; and

2. The Clerk be directed to CLOSE this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen days** of the date of service of these findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 26, 2019**  /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE