UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER, | No. 1:18-cv-01574-DAD-GSA |
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION |
| EDMUND G. BROWN, JR., et al., | |
| Defendants. | (Doc. No. 36) |

Plaintiff Anthony R. Turner is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights case brought pursuant to 28 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 16, 2019, the assigned magistrate judge screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A and determined that it failed to state a claim against any of the individual defendants, and that it also violated Rules 18(a) and 20 of the Federal Rules of Civil Procedure because the complaint did not clearly identify whether potential defendants are properly joined or whether any potential claims are connected to each other. (Doc. No. 29.) Plaintiff was given leave to file an amended complaint within 30 days of the service of the screening order to cure the deficiencies identified therein. (*Id*.) Plaintiff was also warned that his failure to comply with the court's screening order would result in a recommendation that this case be dismissed. (*Id*. at 6.) On September 16, 2019, plaintiff timely filed a first amended complaint. (Doc. No. 32.)

On September 29, 2019, the magistrate judge screened plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A and determined that it again failed to state a claim against any of the individual defendants and violated Rules 18(a) and 20 of the Federal Rules of Civil Procedure. (Doc. No. 36.) Accordingly, on September 29, 2019, the magistrate judge issued the pending findings and recommendations, recommending that this action be dismissed due to plaintiff's failure to comply with the court's prior screening order. (*Id*.) It was also recommended that this action be dismissed with prejudice because the screening order provided plaintiff with ample guidance to cure the deficiencies in his original complaint, yet his first amended complaint failed to comply with that order. (*Id*. at 6.) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id*. at 7).

On October 4, 2019, plaintiff filed a document titled: "Notice of Objections to Non-Consented Magistrate's Findings and Recommendations to Dismiss, and Notice of Motion for 'Recusal' and 'Change' of 'Venue,' based on 'Prejudice,' 'Race gender discrimination,' 'Abuse of Discretion,' and Contempt by Obstruction of Court Access." (Doc. No. 37.) In his filing, plaintiff does not address the substance of the pending findings and recommendations or object in any coherent sense to them. (*Id*.) Rather, plaintiff objects to the assigned magistrate judge having issued findings and recommendations at all on the grounds that he did not consent to the magistrate judge,[1] and the screening process was defective and discriminatory and did not constitute a "judicial fact finding." (*Id*. at 3, ¶¶ 7–8.) Plaintiff has not addressed the deficiencies in his first amended complaint or indicated that he will comply with the federal rules and the

---

[1] This objection is misguided since no consent of the parties is needed for a motion to be referred to a magistrate judge for issuance of findings and recommendations to the assigned district judge. For what it is worth, plaintiff in this case actually did consent magistrate judge jurisdiction twice, on December 28, 2018 and January 14, 2019. (Doc. Nos. 14, 17.) After the assigned magistrate judge issued rulings that plaintiff disagreed with, he filed a declination to magistrate judge jurisdiction on July 17, 2019 (Doc. No. 28) and a request for recusal of the assigned magistrate judge on September 9, 2019 (Doc. No. 31). The court denied plaintiff's request for recusal, concluding he had "not supported his motion with any evidence that the Magistrate Judge has a personal bias against Plaintiff from an extra-judicial source" and "[a] judge's rulings while presiding over a case do not constitute extra-judicial conduct." (Doc. No. 35 at 2.)

court's prior screening order if given leave to amend his complaint again. The court concludes that plaintiff's objections provide no basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections to the findings and recommendations, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on September 26, 2019 (Doc. No. 36) are adopted in full;

2. This action is dismissed with prejudice; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **December 13, 2019**

_____
UNITED STATES DISTRICT JUDGE